# IN THE SUPREME COURT OF TEXAS

No. 20-0846

GREG ABBOTT, IN HIS OFFICIAL CAPACITY AS GOVERNOR OF TEXAS,
AND RUTH HUGHS, IN HER OFFICIAL CAPACITY AS TEXAS SECRETARY OF STATE,
PETITIONERS,

v.

THE ANTI-DEFAMATION LEAGUE AUSTIN, SOUTHWEST, AND
TEXOMA REGIONS; COMMON CAUSE TEXAS; AND ROBERT KNETSCH,
RESPONDENTS

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE THIRD DISTRICT OF TEXAS

JUSTICE GUZMAN, joined by JUSTICE LEHRMANN, concurring.

The COVID-19 pandemic has engendered serious and ongoing governance challenges. Efforts to address these challenges in an election year have resulted in unprecedented—and often contentious—expansion of voter access to the ballot box, including an extension of the early voting period,[1] temporary drive-through polling places,[2] and blanket mailing of absentee voting

---

[1] *See In re Hotze*, ___ S.W.3d ___, No. 20-0739, 2020 WL 5919726 (Tex. 2020) (orig. proceeding) (mandamus relief denied in original proceeding challenging extension of the early voting period by six days).

[2] *See In re Hotze*, No. 20-0819 (Tex. Oct. 7, 2020) (mandamus relief denied).

1

applications to eligible absentee voters.[3] Whether these are sound policy choices to meet this moment is not for the courts to say. Rather, the Texas Constitution commits the balancing of competing interests and policy objectives to the executive and legislative branches of government.[4] The judiciary's function is only to say what the law is, not what it should be.[5] In our constitutional role, judges are not empowered to substitute our policy choices, preferences, or rules for those of the coordinate branches. So long as the law as written complies with the federal and state constitutions, our duty is to enforce it.

Here, Governor Abbott, acting under the authority of the Texas Disaster Act,[6] issued proclamations substantially increasing the Election Code's time period for hand-delivering mail-in ballots.[7] Where the Election Code allows hand-delivery to be made "only while the polls are open on election day,"[8] the Governor's proclamations permit delivery to occur any time over the course

---

[3] *See State v. Hollins*, ___ S.W.3d ___, No. 20-0729, 2020 WL 5919729, at *1, 2 & nn.15 & 17 (Tex. 2020) (distinguishing a local election official's efforts to mail unsolicited absentee-ballot applications to voters over age 65, which was unchallenged, from a similar plan to send unsolicited ballot applications to all registered voters regardless of eligibility that was unauthorized by the Election Code and therefore barred).

[4] *See* TEX. CONST. art. II, § 1 (establishing three branches of state government and mandating a separation of powers among them); *cf. City of Laredo v. Laredo Merchants Ass'n*, 550 S.W.3d 586, 589 (Tex. 2018) (noting that policy arguments are not for courts to resolve); *Greene v. Farmers Ins. Exch.*, 446 S.W.3d 761, 770 (Tex. 2014) ("The Legislature establishes public policy through its enactments.").

[5] *Marbury v. Madison*, 5 U.S. 137, 177 (1803) ("It is emphatically the province and duty of the judicial department to say what the law is."); *see Hollins*, ___ S.W.3d at ___, 2020 WL 5919729, at *1.

[6] TEX. GOV'T CODE §§ 418.001–.261.

[7] *See* The Governor of the State of Texas, Proclamation No. 41-3772, 45 Tex. Reg. 7073, 7080 (2020) (October 1 Proclamation); The Governor of the State of Texas, Proclamation No. 41-3752, 45 Tex. Reg. 5449, 5456–57 (2020) (July 27 Proclamation).

[8] *See* TEX. ELEC. CODE § 86.006(a-1).

of a seven-week period, up to and including election day.[9]  For purposes of this appeal, the Governor's authority to expand on the Election Code in this way is unchallenged.  Indeed, the plaintiffs embrace the Governor's proclamations as enforceable law but contend those laws unconstitutionally infringe the right to vote because they do not go *far enough* in expanding the Election Code.

Under the Election Code, mail-in ballots must be delivered on a single day but may be delivered to any one of multiple locations on that day.[10]  During the expanded delivery period under the Governor's proclamations, the rules for delivery are inverted—hand-delivery may occur on multiple days but only to a single location within each county.[11]  The plaintiffs do not claim a constitutional right to multiple hand-delivery locations for mail-in ballots.  And they do not seek to enforce the Election Code as written.  Instead, they contend the Court must reweigh the Governor's policy choices to determine whether allowing multiple delivery points during the expanded delivery time period is a better pandemic-response policy.

In determining whether temporary injunctive relief is appropriate, however, the dispositive question in this case is not whether the Governor should have further enlarged the voting options available under the Election Code, but whether the Governor's *expansion* of ballot-box access in response to the pandemic constitutes an unconstitutional *constraint* on ballot-box access.  As a

---

[9] *See supra* note 7.

[10] TEX. ELEC. CODE § 86.006(a-1).  Although the Election Code's delivery mandate refers to a single location—the early voting clerk's office—the parties agree that, as used in the statute, that term includes that election official's satellite locations.

[11] *See supra* note 7.

matter of law and logic, it does not.[12] "To abridge the right to vote means to place a barrier or prerequisite to voting, or otherwise make it more difficult to vote," but "a law that makes it *easier* for others to vote does not abridge any person's right to vote."[13]

In this most unusual year, the Governor has augmented, not contracted, voter access to the ballot box. By virtue of the Election Code and the Governor's proclamations, the electorate has multiple ways to cast a ballot this year: (1) vote in-person on election day; (2) vote in-person during early voting as enlarged by the Governor's proclamations; (3) deposit an absentee ballot in any mailbox; (4) hand-deliver a mail-in ballot to a designated early voting office in a county any time before election day; or (5) hand-deliver a mail-in ballot on election day at one of many early voting offices within a county. Individual voters may find some of these options less desirable than others. But offering more options makes voting easier, not more difficult. More is not less.

Concerns about voter disenfranchisement are of utmost constitutional import, but the enlarged voting opportunities the Governor has put into effect can only be viewed as ameliorative, not causative, of any potential for disenfranchisement. The Governor has not limited the voting options the Election Code affords to voters, and his proclamations giving voters more access than is available under the Election Code do not, to any degree, burden the right to vote. Weighing

---

[12] *See Tex. League of United Latin Am. Citizens v. Hughs*, No. 20-50867, 2020 WL 6023310, at *5 (5th Cir. Oct. 12, 2020) ("The July 27 and October 1 Proclamations—which must be read together to make sense— are beyond any doubt measures that make it easier for eligible Texans to vote absentee. How this expansion of voting opportunities burdens anyone's right to vote is a mystery." (internal citation, quotations, and alterations omitted)).

[13] *Id.*; *see Tex. Democratic Party v. Abbott*, No. 20-50407, 2020 WL 6127049, at *15 (5th Cir. Oct. 14, 2020) (emphasis added) (internal quotations and alteration omitted).

additional pandemic-response measures against the importance of ensuring the integrity of the voting process involves policy considerations that are beyond the judiciary's purview.[14]

With these thoughts, I join the Court's opinion and judgment in full. I write separately only to highlight the many options voters have for accessing the ballot box this year, which may otherwise get lost in the cross-fire of advocacy and may be obscured by the weight of the legal analysis the parties' arguments necessitate.

_____
Justice Eva M. Guzman

**Opinion delivered**: October 27, 2020

---

[14] *See Democratic Nat'l Comm. v. Wis. State Leg.*, ___ S.Ct. ___, No. 20A66, 2020 WL 6275871, at *2 (Oct. 26, 2020) (Gorsuch, J., concurring in denial of application to vacate stay) (observing that the constitutional design implementing the democratic process cannot be abandoned when "tested by hard times": "No one doubts that conducting [an] election amid a pandemic poses serious challenges. But none of that means individual judges may improvise with their own election rules in place of those the people's representatives have adopted.").